IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

IN THE MATTER OF THE SEARCH OF INFORMATION THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE, 1600 AMPHITHEATRE PARKWAY, MOUNTAIN VIEW, CALIFORNIA 94043

Case No. 22-MR-1161

**Filed Under Seal**

## APPLICATION FOR ORDER COMMANDING GOOGLE LLC NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States requests that the Court order Google LLC (Google) not to notify any person (including the subscribers and customers of the account(s) encompassed in the search warrant) of the existence of the attached search warrant for one year.

Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Google is an American multinational technology company that specializes in Internet-related services and products, which include online advertising technologies, a search engine, cloud computing, software, and hardware. Pursuant to 18 U.S.C. § 2703, the United States obtained the attached search warrant, which requires Google to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached search warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets, including future targets who are currently unknown to the government, of the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached search warrant will seriously

jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

The United States requests the Order be in effect for one year after its signing. This proposed length of time is reasonably related to the nature of the investigation that is being undertaken. The United States seeks to obtain, through the search warrant to which this requested Order relates and through continued investigation involving the use of other investigative techniques, not only the evidence specified in the attachment to the search warrant, but also to identify all persons participating in the scheme, and to determine whether such persons have victimized others in addition to the known victims. The United States expects that this investigation might reasonably take a year or longer but plans to return to this Court for any non-disclosure authorization needed beyond the currently requested one year.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Google not to disclose the existence or content of the attached search warrant, for a period of one year from the date of entry of the proposed Order or until further Order of the Court, except that Google may disclose the attached search warrant to an attorney for Google for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Alexander M.M. Uballez
United States Attorney

/s/ K. Brawley
_____
Kimberly Brawley
Assistant United States Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1491